IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIK GARCIA,                              )
                                          )
               Plaintiff,                 )
                                          )          CIVIL ACTION
vs.                                       )
                                          )          FILE No.
TOP SUPERMARKET INC.,                     )
                                          )
               Defendant.                 )

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, TOP SUPERMARKET INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, TOP SUPERMARKET INC. (hereinafter "TOP SUPERMARKET INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, TOP SUPERMARKET INC., may be properly served with process via its registered agent for service, to wit:   c/o Eul S. Lou, Registered Agent, 521 W. Fork, Webster, TX  77598.

## FACTUAL ALLEGATIONS

9.      On or about August 31, 2019, Plaintiff was a customer at "Shell Top Supermarket" a business located at 1700 South Shaver Street, Pasadena, TX  77504, referenced herein as "Shell Top Supermarket."

10.      Shell Top Supermarket is located on the Property owned by Defendant, TOP SUPERMARKET INC.

11.      TOP SUPERMARKET INC. is the owner or co-owner of the real property and

improvements that Shell Top Supermarket is situated upon and that is the subject of this action, referenced herein as the "Property."  TOP SUPERMARKET INC also operates Shell.

12.     Plaintiff lives 11 miles from Shell Top Supermarket and the Property and is routinely in the area of Shell Top Supermarket in his daily life activities as well as for advocacy purposes.

13.     Plaintiff's access to the business(es) located 1700 South Shaver Street, Pasadena, TX   77504, Harris County Property Appraiser's account number 0710070000167 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, TOP SUPERMARKET INC., is compelled to remove the physical barriers to access and correct the ADA violations that exist at Shell Top Supermarket and the Property, including those set forth in this Complaint.

14.     Plaintiff has visited Shell Top Supermarket and the Property at least once before as a customer and advocate for the disabled.   Plaintiff intends on revisiting Shell Top Supermarket and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Shell Top Supermarket and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Shell Top Supermarket and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

15.     Plaintiff intends on revisiting Shell Top Supermarket and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage

3

in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

16.    Plaintiff travelled to Shell Top Supermarket and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Shell Top Supermarket and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Shell Top Supermarket and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

18.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and

prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

19.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

20.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

21.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22.     Shell Top Supermarket is a public accommodation and service establishment.

23.     The Property is a public accommodation and service establishment.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25.     Public accommodations were required to conform to these regulations by January

26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26.     Shell Top Supermarket must be, but is not, in compliance with the ADA and ADAAG.

27.     The Property must be, but is not, in compliance with the ADA and ADAAG.

28.     Plaintiff has attempted to, and has to the extent possible, accessed Shell Top Supermarket and the Property in his capacity as a customer of Shell Top Supermarket and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Shell Top Supermarket and the Property that preclude and/or limit his access to Shell Top Supermarket and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Plaintiff intends to visit Shell Top Supermarket and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Shell Top Supermarket and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Shell Top Supermarket and the Property that preclude and/or limit his access to Shell Top Supermarket and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Defendant, TOP SUPERMARKET INC., has discriminated against Plaintiff (and

others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Shell Top Supermarket and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31.    Defendant, TOP SUPERMARKET INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, TOP SUPERMARKET INC., is compelled to remove all physical barriers that exist at Shell Top Supermarket and the Property, including those specifically set forth herein, and make Shell Top Supermarket and the Property accessible to and usable by Plaintiff and other persons with disabilities.

32.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Shell Top Supermarket and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)    The access aisle to the accessible parking spaces are not level due to the presence of an accessible ramp in the access aisles of the accessible parking spaces in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    The accessible curb ramps are improperly protruding into the access aisle of the accessible parking spaces in violation of Section 406.5 of the 2010 ADAAG

Standards.   This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)     The accessible ramp side flares of the accessible ramp on the eastern side of the Property have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iv)     The accessible parking space located on the western side of the Property is not on an accessible route to the accessible entrances of the Property, this is a violation of section 208.3 of the 2010 ADAAG Standards.

(v)     Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route on the eastern side of the building coupled with the presence of large trash cans on the exterior accessible route, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi)     Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route on the eastern side of the building coupled with the presence of large trash cans on the exterior accessible route, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of section 502.7 of the 2010 ADAAG

Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(vii)   The maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)  The vertical reach to the frozen drink dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(ix)   There are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(x)    Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

33.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Shell Top Supermarket and the Property.

34.    Plaintiff requires an inspection of Shell Top Supermarket and the Property in order to determine all of the discriminatory conditions present at Shell Top Supermarket and the Property in violation of the ADA.

35.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.      All of the violations alleged herein are readily achievable to modify to Shell Top Supermarket and the Property into compliance with the ADA.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Shell Top Supermarket and the Property is readily achievable because the nature and cost of the modifications are relatively low.

38.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Shell Top Supermarket and the Property is readily achievable because Defendant, TOP SUPERMARKET INC., has the financial resources to make the necessary modifications.

39.     Upon information and good faith belief, Shell Top Supermarket and the Property have been altered since 2010.

40.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, TOP SUPERMARKET INC., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Shell Top Supermarket and the Property, including those alleged herein.

42.     Plaintiff's requested relief serves the public interest.

43.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, TOP SUPERMARKET INC.

44.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, TOP SUPERMARKET INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

45.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, TOP SUPERMARKET INC., to modify Shell Top Supermarket and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, TOP SUPERMARKET INC., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, TOP SUPERMARKET INC., from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, TOP SUPERMARKET INC., to (i) remove the physical barriers to access and (ii) alter the subject Shell Top Supermarket and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)      That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 3, 2019.

Respectfully submitted,

<u>/s/ Douglas S. Schapiro</u>
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com